UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH


JOSEPH BRANON
    Plaintiff

v.                                                                                                              No. 5:09CV-00184-J

MICHAEL ASTRUE
    Commissioner of Social Security
    Defendant


**MAGISTRATE JUDGE'S REPORT**
**and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Mark Pierce. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on August 15, 2008, by administrative law judge (ALJ) James Craig. In support of his decision denying Title II benefits, Judge Craig entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since May 31, 2006, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairment: degenerative disc disease of the lumbar spine, treated conservatively (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work activity. The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. He can push/pull within these weights, but not on a repetitive basis. The claimant can sit, stand and/or walk, about six hours each in an eight-hour workday, but needs the option to alternate between sitting and standing about every 30 minutes. The claimant can never kneel or crawl, but he can occasionally stoop and crouch. The claimant should avoid vibration, moving/mechanical parts, electrical shock and high exposed places.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 26, 1957, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 31, 2006, through the date of this decision (20 CFR 404.1520(g).

(Administrative Record (AR), pp. 10-15).

**Governing Legal Standards**

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

3

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. § 404.1521. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a <u>de minimis</u>, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a <u>prima facie</u> showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by

20 C.F.R. § 404.1567) coincide with all the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule. Section 200.00(a) of Appendix 2; 20 C.F.R. § 404.1569a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions; the Commissioner may rely on the particular rule only as a "framework for decisionmaking." Section 200.00(e)(1) and (2) of Appendix 2; 20 C.F.R. § 404.1569a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986). Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Discussion**

The plaintiff has appended to his fact and law summary a copy of a "to whom it may concern" letter dated October 27, 2005, from the certified physician's assistant (PA-C) of his treating physician, to-wit:

> Mr. Joseph Branon is a patient of the undersigned who is followed for significant medical and surgical issues involving both the cervical and lumbar spine. Because of ongoing issues and risk of injury, we asked that he work only at light duty, sedentary-type capacity in the workplace. This would include avoidance of working at heights, avoiding lifting 5 pounds frequently, up to 15 pounds occasionally, the avoidance of repetitive bending or twisting at the waist, and avoidance of static positions for greater than 20 minutes without the opportunity to change positions. At present, we recommend that he maintain these workplace restrictions for the foreseeable future.
>
> Christopher R. Hodges, PA-C / Sean P. McDonald, M.D.

The plaintiff's principal contention upon judicial review is that:

    1. The ALJ was required to defer to Mr. Hodges' findings.

    2. Mr. Hodges' finding that the plaintiff must avoid "lifting 5 pounds frequently, up to 15 pounds occasionally" requires a conclusion that the plaintiff has a maximum residual functional capacity (RFC) for "sedentary" work because "light" work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of object weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

    3. The rule contained in Appendix 2 of the regulations that best describes the plaintiff's medical-vocational profile is Rule No. 201.10, and that rule directs an ultimate conclusion of disability.

    The magistrate judge concludes that the argument is unpersuasive for several reasons:

    1. The ALJ was not required to defer to Mr. Hodges' findings because he is not an "acceptable medical source" as contemplated by 20 C.F.R. § 404.1513(a). Hence, his opinion was not a "medical opinion" within the meaning of the regulations and certainly was not a treating source medical opinion, which under certain circumstances is entitled to "controlling weight." See 20 C.F.R. § 404.1527(d)(2). The opinion was an "other source" opinion as contemplated by 20 C.F.R. § 404.1513(d)(1) (explicitly listing "physicians' assistants" as "other sources"). Accordingly, the ALJ was permitted, but not required, to consider Mr. Hodges' findings when determining the plaintiff's residual functional capacity (RFC). See 20 C.F.R. § 404.1513(d) ("In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, [an ALJ] may *(emphasis added)* also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work.")

2. Even if we were to treat Mr. Hodge as an "acceptable medical source," his lifting restrictions are inherently suspect and not entitled to deference. Certainly, Mr. Hodges' vocational-legal conclusion that the plaintiff is limited to "sedentary" work is entitled to no special significance. See 20 C.F.R. § 404.1527(e). Next, Mr. Hodges found that the plaintiff can lift a maximum of "5 pounds frequently, up to 15 pounds occasionally." "Occasional" is a term of art in Social Security disability law that means occurring "up to one-third" of the workday. See Social Security Ruling (SSR) 96-9p. In other words, according to Mr. Hodges, the plaintiff can lift 15 pounds up to a third of the workday. "Light" work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of object weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Therefore, according to Mr. Hodges, the plaintiff can lift only 5 as opposed to 10 pounds on a frequent basis and he can lift only 15 pounds as opposed to 20 pounds at a time. However, he is able to lift that 15 pounds up to one-third of the workday, an ability far in excess of the demands of "light" work.

3. Even if we were to treat Mr. Hodges as an "acceptable medical source" and conclude that his findings restrict the plaintiff to "sedentary" work, a direct application of the Appendix 2 rules in support of an ultimate finding of "disabled" would be inappropriate in this case. As noted above, the plaintiff's lifting restrictions do not fall clearly within the parameters of "sedentary" or "light" work. In addition, the ALJ found that the plaintiff must "alternate between sitting and standing about every 30 minutes." Finding No. 5. SSR 83-12 discusses a category of cases in which the claimant's RFC places him between exertional categories, that is, when the claimant cannot perform the full range of a specific level of work. Using the example of a claimant who must alternate sitting and standing, the ruling notes that "[u]nskilled jobs are particularly structured so that a person

7

cannot ordinarily sit or stand at will." However, the ruling does not mandate a finding of disabled under such circumstances. Rather, it advises that "a [vocational expert, or VE] should be consulted to clarify the implications for the occupational base." This is exactly the procedure that was followed in this case. Hence, there was no legal error. The VE testified that an individual with the limitations summarized in Finding No. 5, supra, would retain the ability to perform a significant number of "light" and "sedentary" jobs in the national economy (AR, pp. 33-35). The ALJ properly relied upon the vocational testimony.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

# NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, any party shall have a period of fourteen (14) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each fourteen (14) day period above pursuant to Fed.R.Civ.P. 6(d), for a total of seventeen (17) working days.

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).