UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:09CV184-J

JOSEPH R. BRANON                                                                 PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph Branon seeks Disability Insurance Benefits which were denied by the Commissioner. This matter was referred to United States Magistrate Judge W. David King who recommends that the final decision of the Commissioner be affirmed and the plaintiff's Complaint be dismissed. Plaintiff has timely filed objections to the Magistrate Judge's Report and Recommendation (DN 13) to which the Commissioner has responded (DN 14).

The plaintiff's first argument is that the ALJ improperly omitted from the record medical evidence from PA-C Hodges that was electronically submitted. While the Court is somewhat sympathetic to the plaintiff's position that he has little or no choice but to submit evidence in the electronic form desired by the Commissioner despite the lack of confirmation, the Court is not persuaded that the contents of the record would have made a difference. Evaluating the evidence under the sentence six remand criteria, the Court finds no reason to remand the case for consideration of the PA-C opinion contained therein.

The plaintiff's second argument is that the findings and conclusions made by the ALJ require a partially favorable decision as a matter of law. This argument is premised upon the ALJ's failure to consider the claimant's change in age category between his alleged onset date and the date of the decision. Plaintiff's date of birth is August 26, 1957, which means he was 48 years old as of the

alleged disability onset date of May 31, 2006, and 50 years old (within days of turning 51) on the date of the ALJ's Decision on August 15, 2008. The ALJ's Decision specifically makes findings from the date of alleged onset through the date of the Decision (TR 15), but without taking into consideration the claimant's change in age category. Incredulously, the Commissioner continues to maintain that the ALJ determined the appropriate age category that applied to the Plaintiff during the alleged period of disability (DN 14, page 6). The Decision is in violation of 20 C.F.R. §404.1563(b) which indicates that the Commissioner will use each of the age categories that applies to the claimant during the period for which the Commissioner must determine if the claimant is disabled. This regulation was intended to ensure that ALJs take into consideration changes in age categories during the relevant evaluation period, and that the categories are not applied mechanically. Unfortunately, the ALJ failed to acknowledge the change in age category and to make requisite findings of fact and conclusions consistent with that change.

While it is possible that application of SSR 83-12 and the approaching advanced age category would make no difference in the outcome in this light/sedentary RFC with a sit/stand option scenario, it is also possible to reach the opposite outcome under the guidance of SSR 83-12. Accordingly, it is necessary to remand the case to the Commissioner for findings of fact and conclusions that take into account the claimant's age during the relevant evaluation period.

Accordingly, this case is REMANDED to the Commissioner of Social Security for findings which reflect the claimant's change in age category and its vocational significance, if any.